No. 3 96 0374

_________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              THIRD DISTRICT

                                A.D., 1996

CHARLES W. HELMIG III,        )    Appeal from the Circuit Court

FREDERICK LEONARD CARUS,      )    of the 13th Judicial Circuit

RONNIE JAMES TONDI, CAROL F.  )    La Salle County, Illinois

TONDI, MARK J. TONDI, PAMELA  )

S. TONDI, CAROLYN MARIE       )

HELMIG, CARRIE M. HELMIG,     )

JAMES M. HELMIG, WILLIAM      )

HENKEL, Petitioners           )

comprising the committee of   )

ten, CRYSTAL SCHLEE, PERU     )

ELEMENTARY SCHOOL DISTRICT    )

NO. 124, AND DR. JOHN         )

JACOBSON, Superintendent of   )

PERU ELEMENTARY SCHOOL        )

DISTRICT NO. 124,             )

                              )

     Plaintiffs-Appellants,   )

                              )

     v.                       )

                              )

REGIONAL BOARD OF SCHOOL      )    No. 95 MR 89

TRUSTEES OF THE LA SALLE      )

COUNTY EDUCATIONAL SERVICE    )

REGION, JON COOKE, PRESIDENT, )

VICKY GARRISON; JOHN GLASCOCK,)

MICHAEL JOHNSON, KENNETH      )

SMALL, LLOYD VOGEL, AND       )

ROBERT WIDMAN, SR., in their  )

official capacities as the    )

REGIONAL BOARD OF SCHOOL      )

TRUSTEES OF LA SALLE COUNTY,  )

WILLIAM NOVOTNEY, in his      )

capacity as Regional          )

Superintendent of Schools,    )

OGLESBY SCHOOL NO. 125, DR.   )

JAMES BOYLE, as               )

Superintendent of Schools,    )

OGLESBY SCHOOL DISTRICT NO.   )

125, ALBERT LEMRISE, LINDA    )

MUDGE, GLENDA VALLE, KATHY    )

MARINIC, ROBERT T. MEEHAN,    )

AND TIMOTHY O'TOOLE,          )    Honorable

                              )    Cynthia M. Raccuglia

     Defendants-Appellees.    )    Judge, Presiding.

                              

_________________________________________________________________

JUSTICE LYTTON delivered the opinion of the court:

_________________________________________________________________

     The plaintiffs filed a petition seeking detachment from

Oglesby School District No. 125 (Oglesby) and annexation to Peru

Elementary School District No. 124 (Peru) fourteen weeks after the

Regional Board of School Trustees of the La Salle County

Educational Region (Board) denied a similar petition.  The Board

denied the second petition, and the petitioners appeal.  We affirm.

     John F. Kennedy School District No. 129 was dissolved in 1992,

and the land in the district was annexed to Oglesby.  A number of

the affected landowners objected to this change and filed a

petition seeking annexation to Peru.  The Board denied this

petition on August 31, 1994.

     On December 5, 1994, 27 of the 44 signers of the original

petition signed a second petition seeking detachment from Oglesby

and annexation to Peru.  This petition included approximately 50%

less land than the first petition and would have reduced the

assessed valuation of the land in Oglesby by about half compared to

the first petition.  The second petition affected three students,

while the first petition affected four.  In all other relevant

respects, the petitions were identical.

     The parties stipulated that evidence from the first hearing

could be considered in the second proceeding.  The only additional

evidence offered at the second hearing was a certified copy of the

voter list for the revised detachment area, the testimony of

Charles W. Helmig, one of the petitioners, and the deposition

testimony of Dr. James Boyle, the superintendent of Oglesby.  After

reviewing all of the evidence, the Board denied the second

petition.  The petitioners appealed to the circuit court, which

affirmed the Board's decision.

                                    I.

     Before we may reach the merits of this case, we must consider

whether the Board had jurisdiction over the second petition. 

Section 7 8 of the School Code (105 ILCS 5/7 8 (West 1994))

generally prohibits the filing of a petition for detachment within

two years after the final denial of a similar petition.  The

statute states,

          "No territory, nor any part thereof, which is

     involved in any proceeding to change the boundaries of a

     school district by detachment from or annexation to such

     school district of such territory, and which is not so

     detached nor annexed, shall be again involved in

     proceedings to change the boundaries of such school

     district for at least two years after final determination

     of such first proceeding unless during that 2 year period

     a petition filed is substantially different than any

     other previously filed petition during the previous 2

     years ***." (Emphasis added.)

     In this case, the Board denied the first petition on August

31, 1994, and the petitioners filed the second petition on December

5, 1994.  Thus, the second petition was barred by statute unless it

was "substantially different" from the petitioners' first request. 

See 105 ILCS 5/7 8.

     In Board of Education of Community Unit School District No.

337 v. Board of Education of Community Unit School District No.

338, 269 Ill. App. 3d 1020, 1027, 647 N.E.2D 1019, 1024 (1995),

this court stated that the legislature intended the statutory

exception for "substantially different" petitions to be construed

consistent with its intent to prevent harassment of parties

affected by the petitions.  We found no potential for harassment in

that case because the same school districts were not involved in

both petitions.  Board of Education, 269 Ill. App. 3d at 1028, 647

N.E.2D at 1025.

     We refused to apply a bright-line test to determine when

substantial quantitative differences exist between districts or to

delineate the precise combination of quantitative and qualitative

factors necessary to qualify for this exception.  Board of

Education, 269 Ill. App. 3d at 1028, 647 N.E.2D at 1025. 

Quantitative factors are those that involve numerical or

statistical differences between the petitions, such as changes in

land area, assessed valuations and property taxes revenues, other

financial effects on the districts and the number of petitioners

and students affected.  Qualitative considerations include the

identity of the petitioners and the districts, the nature of the

evidence presented to the Board, the parties' interests and

purposes, the potential for change in the districts' state

recognition status or programs and public policy issues.

     Although we continue to hew to fact-driven determinations in

these cases, certain factors are relevant in deciding whether a

subsequent petition fits within the statutory prohibition. 

Relevant considerations include: (1) the geographic boundaries of

the subject areas (see Board of Education, 269 Ill. App. 3d at

1028, 647 N.E.2D at 1025), (2) the identity and purposes of the

petitioners and the districts (see Board of Education, 269 Ill.

App. 3d at 1028, 647 N.E.2D at 1025), (3) the convergence of the

subject territory and the petitioners' interests, (4) the

similarity of the evidence supporting the petitions, (5) public

policy concerns and (6) the length of time between the filings.

                                    A.

       Factors Related to the Subject Territories & the Petitioners

     Although the subject areas and the districts' assessed

valuations differed in the two petitions, these factors are

directly related and must be considered within the full procedural

and factual context of the case.  Each of the 27 signers of the

second petition had also signed the original petition, and the same

two school districts were involved in both proceedings.  In

addition, the petitions involved nearly the same number of

students.

     In these cases, courts should also consider the convergence of

the subject territories and the petitioners' interests.  Here, the

families of the only school age children in the detachment

territory supported both petitions, and the parties took the same

legal positions and represented the same set of interests at both

hearings.  The second petition simply reduced the geographic scope

of the earlier petition to more narrowly focus on the families most

directly affected by the change.  This combination of quantitative

factors and qualitative interests suggests that the two petitions

are substantially the same.

                                    B.

                          The Evidence Presented

     This conclusion is further bolstered by the admission of

essentially the same evidence at both proceedings.  Even the new

evidence admitted at the second hearing related to the same

educational programs, benefits, and interests that were examined

during the first hearing.  The similarity of the evidence also

indicates that there is no substantial difference in the two

petitions.

                                    C.

                               Public Policy

     The degree to which the second petition implicates the

legislative purpose of section 7 8 is a critical qualitative

factor.  Here, both proceedings required the same two school

districts to expend resources to protect their interests.  This

duplication of effort and prevention of harassment of the

defendants is precisely the reason the legislature adopted section

7 8.  See Board of Education, 269 Ill. App. 3d at 1027, 647 N.E.2D

at 1024.

                                    D.

                        Timing of Subsequent Filing

     The length of time preceding the filing of the second petition

is technically not a factor to be considered since section 7 8 bars

any petition concerning boundary changes that is filed within two

years after the denial of a substantially similar petition. 

However, as this period of time decreases, the potential for

harassment increases.  Thus, a relatively short time between the

board's denial of a petition and the filing of another petition may

merit particular scrutiny of the circumstances surrounding the

second petition.  In the instant case, the second petition was

filed only fourteen weeks after the first petition was denied, an

extremely short time period in which to ask the Board to reconsider

the merits of a similar petition.

                                    E.

                                  Summary

     Although changes in boundaries, assessed valuations, or the

number of petitioners and students may be significant, these

quantitative factors alone do not make a subsequent petition

substantially different per se.  Indeed, a closer examination of

the two petitions in this case shows many similarities.  Here, less

is not necessarily "substantially different."  Courts must consider

the full set of facts in each case, including the relevant

qualitative factors.  Because the petitions were not "substantially

different", the second petition was barred by section 7 8 and

should have been dismissed by the Board.

                                    II.

     Even if the Board had jurisdiction over the second petition,

the evidence adequately supports its decision.  The evidence showed

that Oglesby would have suffered substantial financial harm if the

petition had been granted; this harm was exacerbated by the fact

that the special state aid Oglesby received due to its merger with

the former Kennedy district was to end soon.  If the petition had

been granted, Peru's equalized assessed valuation would have been

$85,508 per student, while Oglesby would have received only $65,293

per student, despite serving a larger proportion of low-income

students.  In addition, granting the petition would have required

Peru to add a special minibus at a cost of approximately $4,375 per

year, while Oglesby was able to accommodate the affected students

without a significant increase in its transportation expenditures.

     The record also supports the trial court's conclusion that

even though Oglesby is a smaller district, its curriculum,

facilities and staff are comparable to those of Peru.  Standardized

test scores from the two districts strengthen this conclusion.  The

record also indicates that Oglesby spends more per pupil and has a

better student/teacher ratio than Peru.  In sum, the petitioners

failed to show that the educational needs of the three children in

the subject territory would be better served by attending school in

Peru.

     The evidence shows that the petitioners have meaningful

community ties to Oglesby.  The children in the subject territory

have friends who live in Oglesby, and the after-school care

provider for one of the children resides in Oglesby.  Although the

petitioners have a strong personal preference for Peru, this factor

alone is insufficient to support the petition where the other

relevant factors do not favor it.  See Steichen v. Lemon, 192 Ill.

App. 3d 714, 723, 548 N.E.2d 1385, 1391 (1990).

     As we said in the first detachment case involving these

petitioners, the Board's denial of the petition was not against the

manifest weight of the evidence nor was the opposite conclusion

clearly evident from the record.  See Board of Education, 269 Ill.

App. 3d at 1025, 647 N.E.2D at 1023.

                                   III.

     For the reasons stated, the judgment of the circuit court of

La Salle County is affirmed.

     Affirmed.

     HOLDRIDGE, J., concurs and SLATER, J., specially concurs.